JOHN J. WEISENT, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries allegedly sustained by plaintiff when he was assaulted by police officers, defendant appeals from a judgment of the Supreme Court, Kings County, dated August 5, 1966, in favor of plaintiff upon a jury verdict of $90,000 for plaintiff. Judgment reversed, on the law, and new trial granted, limited solely to the issue of damages, with costs to abide the event, and with leave to plaintiff to serve an amended or supplemental bill of particulars within 20 days after entry of the order hereon. The findings of fact are affirmed. There is no claim made by defendant that on the issue of liability the verdict of the jury was against the weight of the evidence. The sole issue is that of damages and the only substantial claim of injury was that plaintiff's present mental illness, which was diagnosed as "dementia praecox, hebephrenic type", was "aggravated" — changed at the trial to "precipitated" — by blows on the head which plaintiff allegedly received during the altercation that occurred at the time of his arrest. In the bill of particulars one of the items of damage claimed was "aggravation of schizophrenia". At the trial, plaintiff's medical expert testified that the assaults "precipitated" the schizophhrenic condition, but that the assaults "didn't aggravate anything because there wasn't anything there to aggravate". At the close of plaintiff's case, defendant moved to strike the doctor's testimony on the ground that the bill of particulars alleged an "Aggravation of schizophrenia" and the doctor had testified that the assaults had "precipitated" that condition. The Trial Judge denied the motion, but in his charge to the jury directed that, if they should find that plaintiff had a pre-existing schizophrenic condition and that the assault merely aggravated it, they should disregard all of the doctor's testimony and render a verdict for defendant on the question of schizophrenia. In view of this charge, it is evident that, in rendering a verdict for plaintiff in the sum of $90,000, the jury accepted the doctor's testimony as to "precipitation". In our opinion, it was improper to admit evidence as to the "precipitation" of plaintiff's present mental illness and to permit recovery therefor, since no such claim had been set forth in the complaint or the bill of particulars (cf. *Mauro* v. *Ruckert*, 15 A D 2d 923; *Kondas* v. *Gallo Original Iron Works*, 8 A D 2d 955). It cannot be said that defendant was not prejudiced by the change in theory of the nature of plaintiff's claim of injury, from "aggravation" to "precipitation", since defendant was not apprised of such change until the medical expert testified at the trial. Under the circumstances, however, and in the interests of justice, we are of the further opinion that plaintiff should be permitted to serve an amended or supplemental bill of particulars setting forth such claim of injury and that a new trial should be granted, limited solely to the issue of damages. Beldock, P. J., Christ, Rabin, Hopkins and Munder, JJ., concur.