■ FRANK RUGGIERO, Respondent, v BANNER GLASS & MIRROR CORPORATION et al., Appellants. [648 NYS2d 130] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Feinberg, J.), dated June 5, 1995, which, upon an order of the same court (Vaccaro, J.), dated March 1, 1995, granting partial summary judgment to the plaintiff on the issue of liability and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $258,732.84.

Ordered that the judgment is reversed, on the law, and a new trial on the issue of damages is granted, with costs to abide the event.

The plaintiff allegedly sustained injuries to his back, neck, and jaw as a result of an automobile accident in which his vehicle was struck from behind by the defendants' vehicle.

Contrary to the plaintiff's contention, precipitation or activa-

tion of a latent condition must be affirmatively pleaded and proven before recovery therefor can be allowed *(see, Weisent v City of New York,* 29 AD2d 776; *Roth v Hudson Tr. Lines,* 72 Misc 2d 999, 1002). Since the plaintiff did not allege such damages in the complaint or bill of particulars, the court erred when it charged the jury over objection that the defendants were legally responsible for any injuries the plaintiff suffered as a result of the defendants' negligence even though those injuries, due to a bodily condition which made the plaintiff more susceptible to injury than a person in normal health, may have been greater than those which would have been suffered by a normal person under the same circumstances. Such error was not harmless.

In view of the foregoing, we do not reach the appellants' remaining contentions. Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.