■ Olga Gonzalez, Appellant, v City of New York, Respondent. Robert A. Cardali & Associates, LLP, Respondent. [846 NYS2d 92]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered July 7, 2005, awarding plaintiff the principal

sum of $20,000 for past and future pain and suffering, based upon a jury verdict finding plaintiff 90% liable and defendant 10% liable, unanimously affirmed, without costs. Order, same court and Justice, entered April 19, 2006, which denied plaintiff's motion to compel outgoing counsel to execute a Change of Attorney Form and transfer its litigation file prior to reimbursement of said counsel's out-of-pocket disbursements, unanimously affirmed, without costs.

In this personal injury action resulting from a trip and fall on a two-inch sidewalk differential, it cannot be said that the verdict as to apportionment of liability was against the weight of the evidence. "A verdict should not be set aside unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence" (*Galimberti v Carrier Indus.*, 222 AD2d 649, 649 [1995]). The question as to whether a verdict is against the weight of the evidence "involves what is in large part a discretionary balancing of many factors," and for a court to conclude that, as a matter of law, a jury verdict is not supported by sufficient evidence requires a finding that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The jury properly took into account various factors, including the "evidence concerning the time of day, lighting, the condition of the sidewalk, and plaintiff's ability to observe the condition" (*Hodges v City of New York*, 195 AD2d 269, 270 [1993]). Its determination cannot, as a matter of law, be said to have contravened the "no valid line of reasoning" standard of *Cohen*.

The size of the award for past and future pain and suffering, where plaintiff underwent three knee procedures and would eventually require a total knee replacement, did not deviate materially from what would be considered reasonable compensation or constitute an improper compromise (*cf. Rivera v City of New York*, 253 AD2d 597, 599-600 [1998]). The failure to award past or future medical expenses was not unreasonable, as neither plaintiff nor her two physicians testified regarding such expenses.

Plaintiff's outgoing attorney had the right to a retaining lien. Absent evidence of discharge for cause, the court properly refused to order that attorney to turn over the file before plaintiff had fully repaid the attorney's disbursements (*Tuff & Rumble Mgt. v Landmark Distribs.*, 254 AD2d 15 [1998]).

We have considered plaintiff's remaining arguments and find

them without merit. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ.