■ ROBERT J. A. ZITO, Respondent, v FISCHBEIN BADILLO WAGNER HARDING et al., Defendants. NIMKOFF ROSENFELD & SCHECHTER, LLP, Nonparty Appellant. [871 NYS2d 138]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 11, 2008, which denied nonparty appellant's motion to vacate a prior order, same court and Justice, instead directing turnover of appellant's files to plaintiff on condition the latter agrees to pay fees and disbursements as determined by a special referee and to retain and maintain the files pending such determination, unanimously modified, on the law, to the extent of granting appellant a retaining lien to be set by the referee, and directing that such amount be paid or secured as a condition to appellant's release of the files, and otherwise affirmed, without costs.

Plaintiff Zito had been a contract partner with the now-defunct defendant Fischbein firm. He retained the nonparty appellant Nimkoff firm to bring a claim against Fischbein, a successor firm and its former partners for compensation allegedly due. Appellant was hired on contingency, with a $25,000 retainer. Under the retainer agreement, invoices unpaid for more than 30 days would accrue 1% interest per month, compounded monthly. If an invoice remained unpaid for more than 30 days, appellant could withdraw.

By December 7, 2007 order to show cause, appellant sought to withdraw based on its deteriorating relationship with plaintiff (under the rules of professional conduct) and the failure to pay disbursements (under the retainer agreement), and asserted a retaining lien in the amount of disbursements. By order entered March 7, 2008, Justice Cahn allowed appellant to withdraw and directed a referee hearing to determine the quantum meruit amount of fees and disbursements owed. Since the amount of appellant's fees was being referred to a special referee, the court denied a retaining lien without prejudice to renewal following the determination.

By show cause order on March 10, plaintiff sought immediate turnover of the files. Justice Cahn declined to sign that order and deemed it withdrawn, but sua sponte directed appellant to turn over the files to plaintiff on condition that plaintiff sign an agreement to pay disbursements owed within 30 days from the referee's determination of the amount, and to retain the files turned over to him until the proceeding ends. Appellant now argues that the motion court erroneously denied a retaining lien, given that its disbursements remained unpaid. We agree.

"Absent evidence of discharge for cause, a court should not order turnover of an outgoing attorney's file before the client fully pays the attorney's disbursements or provides security therefor" (*Warsop v Novik*, 50 AD3d 608, 609 [2008]). The motion court improperly denied appellant a retaining lien pending the disbursement proceeding determination (*see Gonzalez v City of New York*, 45 AD3d 347 [2007], *lv denied* 10 NY3d 701 [2008]). Concur—Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ. [*See* 2008 NY Slip Op 30634(U).]