■ CLYDE DAVISON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [881 NYS2d 892]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schack, J.), dated November 21, 2007, which, upon the granting of the defendant's motion pursuant to CPLR 4404 to set aside, as contrary the weight of the evidence, a jury verdict on the issue of liability, finding the defendant 70% at fault and the plaintiff 30% at fault in the happening of an accident, and, in effect, for judgment in its favor as a matter of law, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, the defendant's motion to set aside the verdict is denied, the jury verdict on the issue of liability is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issues of damages.

The Supreme Court improperly awarded the defendant judgment as a matter of law, and improperly set aside the jury verdict as contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129, 134

[1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). It is for the jury to make determinations as to the credibility of the witnesses, and it is accorded great deference as it had the opportunity to see and hear the witnesses (*see Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). Under the circumstances, the jury's determination was supported by a fair interpretation of the evidence, and the Supreme Court should not have set aside the verdict (*see generally Soto v New York City Tr. Auth.*, 6 NY3d 487 [2006]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]). Rivera, J.P., Eng, Chambers and Hall, JJ., concur.