■ LESLIE RODGERS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [896 NYS2d 112]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Schneier, J.), dated May 27, 2008, which, upon a jury verdict on the issue of liability finding that they were 80% at fault in the happening of the accident and that the plaintiff was 20% at fault in the happening of the accident, upon a jury verdict on the issue of damages, and upon an order of the same court dated February 26, 2008, denying their motion pursuant to CPLR 4404 (a), inter alia, to set aside the verdicts on the issues of liability and damages and for judgment as a matter of law or, in the alternative, for a new trial is in favor of the plaintiff and against them in the principal sum of $2,375,871.

Ordered that the judgment is reversed, on the law, with costs, those branches of the defendants' motion which were pursuant to CPLR 4404 (a) to set aside the verdicts on the issues of causation and damages and for a new trial on those issues are granted, the matter is remitted to the Supreme Court, Kings County, for a new trial only on the issue of causation and, if necessary, damages, and the order is modified accordingly. The findings of fact as to the defendants' negligence and the apportionment of fault are affirmed.

On September 22, 2003, the plaintiff, Leslie Rodgers, allegedly was injured when he was struck by a bus owned by the defendant New York City Transit Authority (hereinafter NYCTA) and operated by Jose Arroyo, sued herein as John Doe, as the plaintiff was crossing Gates Avenue at its intersection with Franklin Avenue in Brooklyn.

After serving a notice of claim upon NYCTA, and thereafter commencing this action, the plaintiff served a verified bill of particulars dated June 4, 2003, alleging that he sustained permanent, serious personal injuries including, inter alia, L5-S1 disc protrusion with impingement on the proximal right S1 nerve root and L4-5 disc bulge. On July 27, 2006, he underwent surgery consisting of right-sided hemilaminotomy, L5-S1 and

right-sided partial diskectomy L5-S1. The plaintiff did not claim aggravation of any preexisting condition or prior injuries. After the trial on the issue of liability, the jury found the defendants 80% at fault in the happening of the accident and the plaintiff 20% at fault.

After the trial on the issue of damages, the jury found that the plaintiff, as a result of the accident of September 22, 2003, sustained a "significant limitation of use of body function or system." The jury awarded the plaintiff the sums of $200,000 for past pain and suffering, $1,210,000 for future pain and suffering for 25 years, $60,000 for past loss of earnings, and $905,871 for future loss of earnings over 17 years.

The defendants moved, pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdict on the issues of liability and damages, and for a judgment as a matter of law, arguing, among other things, that several of the plaintiff's injuries were not proximately caused by the subject accident, and that those injuries which may have been caused by the accident did not meet the threshold of serious injury required by Insurance Law § 5102 (d). In an order dated February 26, 2008, the Supreme Court denied the defendants' motion. A judgment in favor of the plaintiff was subsequently entered. The defendants appeal. We reverse, and grant a new trial on the issues of causation and, if necessary, damages.

A postverdict motion pursuant to CPLR 4404 (a) for judgment as a matter of law, made on the ground that a jury verdict is not supported by legally sufficient evidence, may be granted only if the court concludes that there is "simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Soto v City of New York*, 63 AD3d 1035 [2009]; *Downes v City of Mount Vernon*, 60 AD3d 804 [2009]).

In the first instance, and contrary to the defendants' contention, the notice of claim was sufficient to enable the defendants to investigate the allegations contained therein. The notice of claim was sufficient for the defendant to locate the place, fix the time, and understand the nature of the accident (*see Brown v City of New York*, 95 NY2d 389, 393 [2000]). Further, there is no merit to the defendants' contention that the plaintiff changed his theory of recovery from a claim that he was hit by a bus designated as number 9167, as set forth in the notice of claim, to a generalized claim at trial that he was merely hit by "a bus." The theory propounded by the plaintiff at trial, and as

charged to the jury, was that the plaintiff was hit by a bus operated by Jose Arroyo, and that the particular bus operated by Arroyo was designated as number 9167. Accordingly, the plaintiff did not rest his action on a theory that was not asserted in the notice of claim (*cf. Wanczowski v City of New York*, 186 AD2d 397 [1992]; *Brown v New York City Tr. Auth.*, 172 AD2d 178 [1991]; *Mazzilli v City of New York*, 154 AD2d 355 [1989]).

Additionally, we reject the defendants' contentions that, based on the evidence adduced at trial, the jury's findings that the defendants were negligent and that the plaintiff's injuries constituted a "serious injury," as well as the jury's apportionment of fault between the plaintiff and the defendants, were not rationally based on a valid line of reasoning and permissible inferences drawn from that evidence.

Moreover, it is for the jury to make determinations as to the credibility of the witnesses, and it is accorded great deference, as it had the opportunity to see and hear the witnesses (*see Davison v New York City Tr. Auth.*, 63 AD3d 871 [2009]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). A jury verdict in favor of a plaintiff may not be set aside as contrary to the weight of the evidence unless "the evidence so preponderate[s] in favor of the [defendants] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]). Here, the jury verdicts on the issues of the defendants' negligence and the apportionment of fault were not contrary to the weight of the evidence, since they were based upon a fair interpretation of the evidence (*see* CPLR 4404 [a]; *Gonzalez v City of New York*, 45 AD3d 347, 348 [2007]; *Hernandez v Vavra*, 62 AD3d 616 [2009]; *Nicastro v Park*, 113 AD2d 129 [1985]; *cf. Batal v Associated Univs.*, 293 AD2d 558 [2002]; *Wasserman v Wong*, 181 AD2d 672 [1992]).

However, in light of an error in the court's charge to the jury, we cannot determine, on the record before us, whether the jury's finding that the injuries it found to be "serious" were proximately caused by the accident was unsupported by legally sufficient evidence or was contrary to the weight of the evidence. Accordingly, this error requires a new trial on the issues of causation and, if necessary, damages. Specifically, aggravation of a preexisting injury or condition is an element of damages which must be affirmatively pleaded and proven before recovery can be allowed (*see Anderson v Dainack*, 39 AD3d 1065, 1068 [2007]; *Ruggiero v Banner Glass & Mirror Corp.*, 232 AD2d 395, 396 [1996]; *Behan v Data Probe Intl.*, 213 AD2d 439, 440 [1995]; *De*

*Mento v Nehi Beverages*, 55 AD2d 794, 795 [1976]). Here, it is undisputed that the plaintiff failed to allege, either in his complaint or in his six bills of particulars, that he sustained an aggravation of any preexisting degenerative disc condition. Accordingly, it was error for the court to charge, pursuant to PJI 2:283, and over the defendants' objection, that the jury could award damages for increased susceptibility to injury, based upon an alleged preexisting condition. Under the circumstances of this case, the erroneous charge was prejudicial to the defendants, and warrants a new trial on the issues of which of the plaintiff's injuries, if any, were proximately caused by the subject accident, whether any injuries proximately caused by the accident constituted a "serious injury" within the meaning of Insurance Law § 5102 (d), and the appropriate measure of damages for past and future pain and suffering and past and future loss of earnings that are attributable to the injuries, if any, proximately caused by the accident (*see Ruggiero v Banner Glass & Mirror Corp.*, 232 AD2d 395, 396 [1996]).

Accordingly, the judgment must be reversed, and the matter must be remitted to the Supreme Court, Kings County, for a new trial on the issues of causation and, if necessary, damages.

In light of the foregoing, it is unnecessary to reach the defendants' remaining contention that the jury's awards for pain and suffering and loss of earnings were excessive. Skelos, J.P., Eng, Austin and Roman, JJ., concur.