■ THE LAW FIRM OF RAVI BATRA, P.C., Appellant, v AMORA RACHEL LEAH RABINOWICH, Respondent. [909 NYS2d 706]—

Order, Supreme Court, New York County (Marilyn B. Dershowitz, Referee), entered November 18, 2008, which, inter alia, denied in part plaintiff's motion to quash a subpoena and for a protective order, unanimously modified, on the law, to the extent of granting the motion to quash the subpoena and granting plaintiff a protective order, and otherwise affirmed, without costs.

Plaintiff represented defendant for a brief time in 2005. Following the breakdown of the parties' relationship, plaintiff asserted a retaining lien on defendant's file and sought to have its outstanding fees satisfied before turning over the file. Defendant neither paid the outstanding fees nor posted an undertaking to secure plaintiff's payment.

Plaintiff then commenced this action for counsel fees and was granted a default judgment following defendant's default. The matter was thereafter referred for a hearing on the issue of damages. After the hearing had commenced, defendant issued a subpoena, seeking "copies of all retainer agreements signed by Defendant, memoranda, records, copies of the Defendant's file, and all other evidences and writings, which you have in your custody or power related to the Defendant."

In deciding plaintiff's motion to quash the subpoena and for a protective order, the motion court ordered plaintiff to produce all time records and back up documentation for the time claimed, including, but not limited to, letters, e-mails, research memos and records of telephone calls, as well as proof of fees received. The court ordered the remainder of the file to be indexed and provided for an in camera review.

It was error to "permit a defaulting defendant to conduct discovery of the plaintiff in preparation for an appearance at inquest" (*Yeboah v Gaines Serv. Leasing*, 250 AD2d 453, 454 [1998]). Indeed, while defendant is entitled to contest damages and to offer proof on that issue, "by virtue of [her] default, defendant is not entitled to discovery from plaintiff on th[e] is-

sue[ ]" (*Toure v Harrison*, 6 AD3d 270, 272 [2004]). Nor may a subpoena be "used as a substitute for pretrial discovery" (*Soho Generation of N.Y. v Tri-City Ins. Brokers*, 236 AD2d 276, 277 [1997]).

Further, inasmuch as defendant defaulted and thus cannot challenge the validity of plaintiff's retaining lien on the file, and defendant has not posted a bond, it was error to order the turn-over of any portion of the file (*see Warsop v Novik*, 50 AD3d 608 [2008]). It is only where there is no outstanding claim for unpaid legal fees that a client "presumptively" has access to its file (*Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn*, 91 NY2d 30, 34 [1997]).

In any event, the subpoena was over-broad as it sought all documents related to defendant and did not differentiate between materials maintained by plaintiff in its representation of defendant with those maintained and prepared in anticipation of and during this action. Moreover, a subpoena duces tecum "may not be used for the purpose of discovery or to ascertain the existence of evidence" (*People v Gissendanner*, 48 NY2d 543, 551 [1979]) and a subpoena should be quashed when the subpoena is being used for a fishing expedition to ascertain the existence of evidence (*Matter of Office of Attorney Gen. of State of N.Y.*, 269 AD2d 1, 13 [2000]). However, this does not eliminate the obligation for plaintiff to ensure that his file is available for inspection either by the referee or the defendant during the inquest.

We do not find that the issuance of the subpoena warrants the imposition of sanctions on defendant and her counsel. Concur—Freedman, J.P., Richter, Manzanet-Daniels and Román, JJ.