In an action to recover damages for personal injuries, the de *536 fendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Graham, J.), dated September 23, 2011, which, upon remittitur from this Court by decision and order dated February 16, 2010 (see Rodgers v New York City Tr. Auth., 70 AD3d 917 [2010]), granted the plaintiffs motion for leave to serve an amended bill of particulars.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiffs motion for leave to serve an amended bill of particulars is denied.
The plaintiff allegedly was injured when he was struck by a bus owned by the appellant and operated by its employee (hereinafter together the defendants) as he was walking across a street at an intersection in Brooklyn.
After a jury trial on the issue of liability, at which the jury found that the defendants were 80% at fault in the happening of the accident, a trial was conducted on the issue of damages. At the close of the evidence in that trial, the Supreme Court charged the jury, over the defendants’ objection, that the jury could award damages for increased susceptibility to injury based on an alleged pre-existing condition. The jury found that the plaintiff sustained a significant limitation of use of a body function or system, and awarded him $2,375,871 in damages.
On appeal from the judgment, this Court concluded that the Supreme Court erred in charging the jury that the plaintiff could be awarded damages for increased susceptibility to injury based on an alleged pre-existing condition because the plaintiff had failed to allege such a theory of causation in his complaint or bill of particulars (see Rodgers v New York City Tr. Auth., 70 AD3d 917 [2010]). Accordingly, this Court reversed the judgment and remitted the matter to the Supreme Court for a new trial on the issue of causation, and, if warranted, on the issue of damages.
On remittal to the Supreme Court, the plaintiff moved for leave to amend his bill of particulars to allege the “aggravation and/or activation of a previously asymptomatic condition to the spine and activation of a latent disease defect.” The Supreme Court granted the plaintiffs motion.
Generally, in the absence of prejudice or surprise to the opposing party, leave to amend a bill of particulars should be freely granted unless “the proposed amendment is palpably insufficient or patently devoid of merit” (Delahaye v Saint Anns School, 40 AD3d 679, 684-685 [2007] [internal quotation marks omitted]; see CPLR 3025 [b]; Schreiber-Cross v State of New York, 57 AD3d 881, 885 [2008]; Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828 [2008]). “However, where the ap *537 plication for leave to amend is made long after the action has been certified for trial, ‘judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious’ ” (Morris v Queens Long Is. Med. Group, P.C., 49 AD3d at 828, quoting Clarkin v Staten Is. Univ. Hosp., 242 AD2d 552, 552 [1997]; see Schreiber-Cross v State of New York, 57 AD3d at 885; Delahaye v Saint Anns School, 40 AD3d at 684-685).
Under the circumstances of this case, including the fact that, during four years of discovery, the plaintiff affirmatively maintained that his injuries did not include the aggravation of a pre-existing condition, as well as the lateness of his request for leave to amend, the prejudice to the defendants, and the lack of any reasonable excuse for the delay, the Supreme Court improvidently exercised its discretion in granting the plaintiffs motion for leave to amend his bill of particulars (see Pergament v Roach, 41 AD3d 569, 572 [2007]; Voyticky v Duffy, 19 AD3d 685 [2005]; Sewkarran v DeBellis, 11 AD3d 445, 445-446 [2004]; Leonardi v City of New York, 294 AD2d 408, 409 [2002]). Accordingly, the Supreme Court should have denied the motion. Skelos, J.E, Angiolillo, Dickerson and Roman, JJ., concur.