STERLING CORPORATE TAX CREDIT FUND XXV, L.P., et al., Plaintiffs, v YOUNGBLOOD SENIOR HOUSING ASSOCIATES, LLC, et al., Respondents. BENOWICH LAW, LLP, Nonparty Appellant. [982 NYS2d 392]—

In an action, inter alia, to remove the defendants as partners in the plaintiff Sterling Corporate Tax Credit Fund XXV, L.P., nonparty Benowich Law, LLP, appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 31, 2013, which granted the defendants' motion, in effect, to compel it to surrender its litigation file in this action. By decision and order on motion dated July 23, 2013, this Court granted the motion of the nonparty Benowich Law, LLP, to stay enforcement of the order entered May 31, 2013, pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion is denied.

"Under New York law a client may discharge an attorney at any time, with or without cause" (*Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457 [1989]; *see Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 43 [1990]). If a client discharges an attorney without cause, the attorney possesses a common-law retaining lien on the client's file in his or her possession and is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered, regardless of whether that amount is more or less than the amount provided in the contract or retainer agreement (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d at 457-458; *see also Mosiello v Velenzuela*, 84 AD3d 1188, 1189 [2011]).

In support of their motion, in effect, to compel the nonparty Benowich Law, LLP (hereinafter the law firm), to surrender its litigation file in this action, the defendants acknowledged that the law firm had asserted that the defendants owed it legal fees. Further, the defendants failed to allege that the law firm was discharged for cause. "Absent evidence of discharge for cause, a court should not order turnover of an outgoing attorney's file before the client fully pays the attorney's disbursements or provides security therefor" (*Warsop v Novik*, 50 AD3d 608, 609 [2008]; *see Law Firm of Ravi Batra, P.C. v Rabinowich*, 77 AD3d 532 [2010]; *Zito v Fischbein Badillo Wagner Harding*, 58 AD3d 532, 533 [2009]; *Gonzalez v City of New York*, 45 AD3d 347, 348 [2007]).

The defendants' remaining contentions are either without merit or not properly before this Court.

Therefore, the Supreme Court erred in directing the law firm to surrender the litigation file to the defendants (*see Law Firm of Ravi Batra, P.C. v Rabinowich*, 77 AD3d at 533; *Zito v Fischbein Badillo Wagner Harding*, 58 AD3d at 533; *Warsop v Novik*, 50 AD3d at 609). Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.