■ BING HUI CHEN et al., Plaintiffs, v SPEEDWAY PLUMBING CORP. et al., Defendants. FORTUNATO & FORTUNATO, PLLC, Nonparty Appellant; MORELLI ALTERS RATNER, LLP, Nonparty Respondent. (And a Third-Party Action.) [29 NYS3d 430]—

In an action to recover damages for personal injuries, etc., nonparty Fortunato & Fortunato, PLLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 2, 2014, as denied that branch of its motion which was to compel nonparty respondent Morelli Alters Ratner, LLP, to submit payment for disbursements and copying fees prior to the surrender of its litigation file in the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of nonparty Fortunato & Fortunato, PLLC, which was to compel nonparty respondent Morelli Alters Ratner, LLP, to submit payment for disbursements and copying fees prior to the surrender of its litigation file in the action is granted.

"Under New York law a client may discharge an attorney at any time, with or without cause" (*Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457 [1989]; *see Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 43 [1990]). If a client discharges an attorney without cause, the attorney possesses a common-law retaining lien on the client's file in his or her possession and is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered, regardless of whether that amount is more or less than the amount provided in the contract or retainer agreement (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d at 457-458; *see also Mosiello v Velenzuela*, 84 AD3d 1188, 1189 [2011]). "Absent evidence of discharge for cause, a court should not order turnover of an outgoing attorney's file before the client fully pays the attorney's disbursements or provides security therefor" (*Warsop v Novik*, 50 AD3d 608, 609 [2008]; *see Law Firm of Ravi Batra, P.C. v Rabinowich*, 77 AD3d 532 [2010]; *Zito v Fischbein Badillo Wagner Harding*, 58 AD3d 532, 533 [2009]; *Gonzalez v City of New York*, 45 AD3d 347, 348 [2007]).

In its opposition to that branch of the appellant's motion which was to compel payment of disbursements and copying fees prior to the surrender of its litigation file in the underlying action, the respondent failed to establish that the appellant was discharged for cause. The respondent's submission of an affidavit from the translator for the respondent's client was insufficient to oppose the motion, as the affidavit failed to state the translator's qualifications (*see Rosenberg v Piller*, 116 AD3d 1023, 1025 [2014]; *cf. National Puerto Rican Day Parade, Inc. v Casa Publs., Inc.*, 79 AD3d 592, 594 [2010]).

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was to compel the respondent to submit payment for disbursements and copying fees prior to the surrender of its litigation file in the action (*see Sterling Corporate Tax Credit Fund XXV, L.P. v Youngblood Senior Hous. Assoc., LLC*, 115 AD3d 932, 933 [2014]; *Law Firm of Ravi Batra, P.C. v Rabinowich*, 77 AD3d at 533; *Zito v Fischbein Badillo Wagner Harding*, 58 AD3d at 533; *Warsop v Novik*, 50 AD3d at 609). Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.