Nassau Regional Off Track Betting Corp. v KRD Media, LLC (2020 NY Slip Op 03670)





Nassau Regional Off Track Betting Corp. v KRD Media, LLC


2020 NY Slip Op 03670


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-07139
 (Index No. 17914/07)

[*1]Nassau Regional Off Track Betting Corporation, plaintiff, 
v
KRD Media, LLC, et al., appellants; Goetz Fitzpatrick, LLP, nonparty-respondent.


Richard Paul Stone, New York, NY, for appellants.
Goetz Fitzpatrick, LLP, New York, NY (Gary M. Kushner of counsel), nonparty-respondent pro se.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated December 2, 2016. The order, insofar as appealed from, denied that branch of the defendants' motion which was to direct nonparty Goetz Fitzpatrick, LLP, to turn over certain trial exhibits and granted that branch of the cross motion of nonparty Goetz Fitzpatrick, LLP, which was to fix an attorney's retaining lien.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to recover damages for breach of contract, nonparty Goetz Fitzpatrick, LLP (hereinafter Goetz), represented the defendants from 2011 through the completion of a trial in 2014. In August 2016, the defendants moved, inter alia, to direct Goetz to turn over the trial exhibits to them. Thereafter, Goetz cross-moved, among other things, to fix an attorney's retaining lien in the sum of $161,135.28, alleging that the defendants failed to pay for the legal services it performed on behalf of the defendants in connection with the case. In an order dated December 2, 2016, the Supreme Court, inter alia, denied that branch of the defendants' motion which was to direct Goetz to turn over the trial exhibits and granted that branch of Goetz's cross motion which was to fix an attorney's retaining lien. The defendants appeal.
We agree with the Supreme Court's determination to deny that branch of the defendants' motion and to grant that branch of Goetz's cross motion which was to fix an attorney's retaining lien (see Bing Hui Chen v Speedway Plumbing Corp., 138 AD3d 660, 660; see also Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 457-458). "A retaining lien remains in force until the client's account is paid in full and is dependent only upon the attorney's continued possession of papers irrespective of the outcome of the litigation involved" (Theroux v Theroux, 145 AD2d 625, 626; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d at 459).
Here, the defendants do not contend that Goetz was discharged for cause, and Goetz demonstrated that it performed legal services for the defendants at their request, that it billed the defendants for legal services in the total sum of $161,135.28, and that the defendants have not paid that sum. Thus, Goetz established its entitlement to a retaining lien (see Bing Hui Chen v Speedway [*2]Plumbing Corp., 138 AD3d at 661; Sterling Corporate Tax Credit Fund XXV, L.P. v Youngblood Senior Hous. Assoc., LLC, 115 AD3d 932, 933).
The defendants' remaining contentions are without merit.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court