# 1461-1469 Third Ave. Owner LLC v Lux Group Holdings Ltd.

2024 NY Slip Op 32586(U)

July 25, 2024

Supreme Court, New York County

Docket Number: Index No. 652652/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NANCY M. BANNON                PART                61M

*Justice*

-------------------------------------------------------------------------------X

1461-1469 THIRD AVE. OWNER LLC,

| | |
|---|---|
| INDEX NO. | 652652/2022 |
| MOTION DATE | 05/29/2024 |
| MOTION SEQ. NO. | 002 |

Plaintiff,

- v —

LUX GROUP HOLDINGS LTD. and RON SHEMESH

**DECISION + ORDER ON MOTION**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113,

were read on this motion to/for                    DISCOVERY                    .

## I.     BACKGROUND

In this breach of contract action arising from the construction of a 35-story residential condominium building in Manhattan, the plaintiff property owner alleges that the defendant contractor, a home furnishing manufacturing company which specializes in kitchen cabinets and bathroom vanities, and its principal, Ron Shemesh, were terminated from the project for performing in an unworkmanlike and untimely manner, causing $5 million in damages. The defendants answered and asserted seven counterclaims seeking damages in excess of $2 million. [1]

By an order dated September 19, 2023, the court (Ostrager, J. [Ret.]) granted, in part, a motion by the plaintiff to dismiss six of the defendants' counterclaims (MOT SEQ 001). This left, for purposes of discovery, the plaintiff's claims for breach of contract and fraud, and the

---

[1] On September 5, 2023, the plaintiff commenced a separate breach of contract action against the construction manager for the project, Leeding Builders Group LLC, which remains pending in this court under Index No. 654322/2023, awaiting assignment to a judge.  It appears that no discovery has been conducted in that case.

**652652/2022   1461-1469 THIRD AVE. OWNER LLC vs. LUX GROUP HOLDINGS LTD. ET AL**          **Page 1 of 5**
**Motion No.  002**

1 of 5

defendants' counterclaims for breach of contract, unjust enrichment, wrongful termination of the contract, violation of the New York Prompt Payment Act and violation of the New York Trust Fund Act. Discovery has been ongoing for two years.

On May 20, 2024, the defendants moved for an order (1) compelling plaintiff to provide them with a copy of all documents concerning the project maintained by Procure Technologies, Inc. (Procure), a database and central repository of construction documents; (2) compelling the plaintiff to produce for depositions, non-parties Miki Naftali, Chair and CEO of Naftali Group, an affiliate of plaintiff and project developer which employees 45 people, and Danielle Naftali, Naftali Group's executive Vice-President of Marketing and Design, and (3) extending the Note of Issue filing deadline to afford the defendants' expert time to review the Procure documents. The plaintiff opposes the motion.

In the meantime, by a status conference order dated July 11, 2024, the court, *inter alia*, directed (1) the depositions of two non-party entities, Italkraft LLC and Tiger Cabinets, Inc., contractors hired by the plaintiff to finish the defendants' work, within 30 days; (2) that defendants were to serve their expert report on or before September 20, 2024; (3) that the final Note of Issue filing deadline was extended to October 9, 2024, and (4) that the plaintiff was to produce the monthly reports testified to by Jason Zuech, a Naftali Group employee, at his deposition, within ten days of that order.

The court notes that the defendants' motion is defective in that counsel made legal arguments in an affirmation rather than in a memorandum of law. However, the court, in its discretion, will not deny the entire motion on this ground alone, as urged by the plaintiff. See CPLR 2001. Nor does the court accept sur-replies on motions without leave of court, not granted here. The court accepts the sur-reply filed by the defendants only to the extent that it includes a withdrawal of that part of the motion that seeks to depose Danielle Naftali in this action. Counsel shall be guided accordingly going forward.

## II.     DISCUSSION

Disclosure in New York civil actions is guided by the principle of "full disclosure of all matter material and necessary in the prosecution or defense of an action." CPLR 3101(a). The phrase "material and necessary" is "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by

**652652/2022   1461-1469 THIRD AVE. OWNER LLC vs. LUX GROUP HOLDINGS LTD. ET AL**            Page 2 of 5
**Motion No.  002**

2 of 5

sharpening the issues and reducing delay and prolixity. See Kapon v Koch, 23 NY3d 32 (2014). In light the remaining claims to be litigated, and this being a major New York construction project, discovery is not unexpectedly broad. However, it is not without limits.

The branch of the defendants' motion that seeks an order compelling the defendant to provide all Procure documents is denied, without prejudice, as the request is overly broad. Indeed, the defendants seek to obtain Procure log-in credentials to allow access to all files on Procure related to the subject project. While some documents would likely be material and necessary, the defendants are not entitled to a fishing expedition. Moreover, prior conference orders state that all document discovery was conducted and completed, or waived, and the defendants fail to adequately explain the untimeliness of this document demand. However, it follows Procure's objections to a subpoena.

On or about April 19, 2024, the defendants served a subpoena on Procure apparently seeking the same documents. Procure's counsel responded with general and specific objections on May 20, 2024. The first general objection is that the "materials sought by the subpoena are available from other sources that are more convenient, less burdensome, or less expensive, including Owner." Procure also objected on ground of the subpoena being overly broad, ambiguous and improperly seeking confidential information as per its confidentiality agreement with clients. Procure explained that its clientele create all documents stored on its cloud-based platform and the clients control access to those records. The instant motion was filed the same day Procure responded with those objections. Although Procure has not moved to quash the subpoena, its objections, echoed by the plaintiff, have merit.

The defendants served many subpoenas in this case, including one on non-party Miki Naftali, and he did not comply. The branch of the motion that seeks an order compelling the plaintiff to produce non-party Miki Naftali for a deposition is denied as the defendants have not show entitlement to that relief. It is well settled that a subpoena may not be used as a tool of harassment or for a proverbial "fishing expedition to ascertain the existence of evidence." Reuters Ltd. v Dow Jones Telerate, Inc., 231 AD2d 337, 342 (1st Dept. 1997); see Law Firm of Ravi Batra, P.C. v Rabinowich, 77 AD3d 532 (1st Dept. 2010). Moreover, "[w]here disclosure is sought against a nonparty, more stringent requirements are imposed on the party seeking disclosure." Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 108 (1st Dept. 2006). The defendants support their application only with several emails on which Nafatali was either a

**652652/2022  1461-1469 THIRD AVE. OWNER LLC vs. LUX GROUP HOLDINGS LTD. ET AL**          **Page 3 of 5**
**Motion No.  002**

3 of 5

[* 3]

sender, recipient or just copied. Naftali then submitted an affirmation in opposition in which he describes his position in Naftali Group and his connection to the subject project and alleges, *inter alia*, that he was not involved in day-to-day marketing, design or construction aspects of the project such that his testimony would be of no value. Indeed, as noted in the July 11, 2024, status conference order, eleven depositions had already been completed, including two of Naftali Group employees, and the two depositions of Italkraft and Tiger Cabinets, the companies the plaintiff hired to replace the defendant were to continue. However, given his position as CEO of Naftali Group and his knowledge, albeit limited, of the plaintiff's decision to terminate the defendant from the project and any damages incurred as a result, as indicated in his affidavit, the defendants have shown "good cause" to serve limited interrogatories, in accordance with Rule 11-a of the Commercial Division rules and CPLR article 31, to be limited to those issues only and limited to ten separate interrogatories, including subparts.

The branch of the motion seeking to extent the Note of Issue filing deadline is granted to the extent that the deadline is extended to October 9, 2024, per the court's status conference order dated July 11, 2024. As the branch of the motion seeking to compel production of the Procure documents is denied, the defendant's expert will not need time to review them. Nonetheless, the deadline extension granted in the July 11, 2024, order remains in effect. Any further issue may be raised the next conference, scheduled for October 3, 2024.

The defendants' remaining contentions have been considered and rejected. Any relief not expressly granted herein is denied. The parties are encouraged to explore settlement.

III.    CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that the defendants' motion is granted to the extent that (1) the Note of Issue filing deadline is extended to October 9, 2024, as per the court's status conference order dated July 11, 2024, and (2) the defendants may serve interrogatories on Miki Naftali, in accordance with Rule 11-a of the Commercial Division rules and CPLR article 31, to be limited to the issue of his knowledge of the plaintiff's decision to terminate the defendant from the project and any damages incurred as a result, and limited to ten separate interrogatories, including subparts, on or before August 15, 2024, and Miki Naftali shall respond on or before September 16, 2024, and the motion is otherwise denied, and it is further

**652652/2022   1461-1469 THIRD AVE. OWNER LLC vs. LUX GROUP HOLDINGS LTD. ET AL**          **Page 4 of 5**
**Motion No.  002**

4 of 5

ORDERED that the parties shall appear for a status conference on October 3, 2024, at 11:00 a.m., as previously scheduled.

This constitutes the Decision and Order of the court.

7/25/2024
DATE

NANCY M. BANNON, J.S.C.

CHECK ONE:

| | | |
|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION |
| ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

**652652/2022   1461-1469 THIRD AVE. OWNER LLC vs. LUX GROUP HOLDINGS LTD. ET AL**
**Motion No.  002**

Page 5 of 5