Reyes v Underwood (2024 NY Slip Op 05466)

Reyes v Underwood

2024 NY Slip Op 05466

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2023-06918
 (Index No. 610915/22)

[*1]Sandy Duran Reyes, respondent, 
v
Terrance Underwood, et al., appellants.

Cascone & Kluepfel, LLP, Farmingdale, NY (Richard J. Calabrese and Howard B. Altman of counsel), for appellants.
Liakas Law, P.C., New York, NY (Courtney F. Kane, Stephen J. Liakas, and Nolan Matz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered May 30, 2023. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing certain of the defendants' affirmative defenses.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing certain of the defendants' affirmative defenses is denied.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when his vehicle was struck in the rear by a vehicle operated by the defendant Terrance Underwood (hereinafter the defendant driver) and owned by the defendant Action Repair Service on Centennial Avenue at or near its intersection with Forest Avenue in Hempstead. In an order entered May 30, 2023, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability and dismissing certain of the defendants' affirmative defenses. The defendants appeal.
"To obtain summary judgment it is necessary that the movant establish his [or her] cause of action . . . sufficiently to warrant the court as a matter of law in directing judgment in his [or her] favor, and he [or she] must do so by tender of evidentiary proof in admissible form" (Zuckerman v City of New York, 49 NY2d 557, 562 [citation and internal quotation marks omitted]; see Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d 750, 751; Guideone Ins. Co. v Evangelical Lutheran Bethlehem Cong. Church, 47 AD3d 884, 885). Here, in support of that branch of his motion which was for summary judgment on the issue of liability, the plaintiff submitted an affidavit in which he averred, among other things, that the "affidavit was translated to me from English to Spanish prior to my signing by a person who speaks Spanish as it is my native language and the language I understand best." The plaintiff also submitted a certificate of translation by an associate attorney at his counsel's law office in which the associate attorney affirmed, without elaboration, that she is fluent in English and Spanish and competent to translate documents from one language to the other. Under these circumstances, the conclusory certificate of translation does not [*2]contain sufficient detail concerning the extent of the associate attorney's knowledge of the Spanish language. As such, the associate attorney's certificate of translation was insufficient to state the associate attorney's qualifications, rendering the plaintiff's affidavit inadmissible (see CPLR 2101[b]; Bing Hui Chen v Speedway Plumbing Corp., 138 AD3d 660, 661; Raza v Gunik, 129 AD3d 700, 701; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 54). Without the plaintiff's affidavit, the plaintiff failed to demonstrate, prima facie, that the defendant driver was negligent.
Moreover, for similar reasons, the plaintiff failed to establish, prima facie, that he is entitled to summary judgment dismissing certain affirmative defenses. The plaintiff, relying on the affidavit, asserted that he was entitled to summary judgment dismissing certain affirmative defenses because he did not cause or contribute to the happening of the accident. However, as discussed above, the affidavit was inadmissible and, thus, it was insufficient to demonstrate that he did not cause or contribute to the happening of the accident.
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability and dismissing certain of the defendants' affirmative defenses, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court