**Arlus Owner LLC v 829 Mad. Ave. LLC**

2025 NY Slip Op 30368(U)

January 28, 2025

Supreme Court, New York County

Docket Number: Index No. 653842/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. NANCY M. BANNON**                    PART                61M

*Justice*

----------------------------------------------------------------------------X

ARLUS OWNER LLC,FALU, LLC,FJLU, LLC and 829
MADISON WE TIC OWNER LLC,

               Plaintiffs,

               - v -

829 MAD. AVE. LLC and STANLEY MYER,

               Defendants.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653842/2022 |
| **MOTION DATE** | 01/06/2025, 01/28/2025, 01/09/2025 |
| **MOTION SEQ. NO.** | 016 018 019 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 016) 252, 253, 254, 255, 256, 302, 303, 304, 306

were read on this motion to/for           QUASH SUBPOENA, FIX CONDITIONS   .

The following e-filed documents, listed by NYSCEF document number (Motion 018) 277, 278, 279, 280, 281, 282, 307, 311, 312, 313, 314, 315

were read on this motion to/for           QUASH SUBPOENA, FIX CONDITIONS   .

The following e-filed documents, listed by NYSCEF document number (Motion 019) 295, 296, 298, 305

were read on this motion to/for                EXTEND - TIME   .

      This action seeking*, inter alia*, $1,250,000 in damages for breach of an agreement to purchase commercial real estate, was commenced in 2022. The plaintiff purchasers contend that the defendant sellers schemed to defraud them by misrepresenting the status of leases and arrears of current tenants in the building. The issues are limited as the amended complaint alleges only two causes of action, breach of contract as against defendant 829 Mad. Ave. LLC and fraud as against both defendants. The defendants counterclaimed for attorney's fees; a second counterclaim asserted against plaintiffs' counsel was dismissed (MOT SEQ 007). Heavy motion practice concerning discovery ensued.

      The preliminary conference order of May 19, 2023, set the Note of Issue deadline as December 20, 2024.  By an order dated December 5, 2023, the court (Ostrager, J. [Ret.]) directed that all discovery be completed and the Note of Issue filed on or before December 20,

2024. By a status conference order dated April 4, 2024, this court kept the Note of Issue filing deadline as December 20, 2024, and marked it "Final, No Extensions" in light of the parties' unreasonable delays, as set forth in that and prior orders. In a subsequent status conference order dated July 18, 2024, the court set additional deadlines and left the Note of Issue deadline as December 20, 2024. In a status conference order dated October 17, 2024, the court again noted that the directed discovery was not completed without reasonable excuse, and did not extend the Note of Issue deadline. The plaintiffs filed the Note of Issue and Certificate of Readiness on December 20, 2024.

Just before that date (1) the defendants moved pursuant to CPLR 2304 to quash a subpoena served on non-party Stuart Goldstein, Esq., the defendants' attorney in the sale, on or about November 4, 2024 (MOT SEQ 016); (2) the plaintiffs moved pursuant to CPLR 2304 to quash a subpoena served by the defendants upon non-party Capricorn Retail Advisors, LLC, a broker hired by the plaintiff, on or about December 5, 2024 [that subpoena was served three days after the defendants filed MOT SEQ 016] (MOT SEQ 018), and (3) the plaintiffs moved to extend the Note of Issue deadline to allow for further discovery (MOT SEQ 019).[1]  Both motions to quash are granted and the motion to extend the Note of Issue filing deadline is denied.

Here, the two subject subpoenas were served inexcusably late in the discovery process and neither party has shown that their subpoena was proper, even had it been timely. As to MOT SEQ 016, the court notes that a prior motion by the plaintiffs to *compel* Stuart Goldstein to comply with a subpoena served on him on or about September 19, 2023, purported on a theory of crime-fraud exception to the attorney-client privilege was denied by this court in an order dated April 1, 2024 (MOT SEQ 011). On that motion, the defendants submitted an affirmation of Goldstein in which he represented that he had already provided all non-privileged responsive documents and an itemized privilege log. The plaintiffs seemingly ignored the prior ruling and served a second subpoena on Goldstein a year later, focusing this time on the privilege log and opining that the documents withheld were improperly withheld. This argument is unsupported and unavailing. CPLR 3101 provides that "[t]here shall be full disclosure of all matter material

---

[1] The plaintiffs had previously moved for sanctions against the defendants for failure to provide discovery and to compel them to turn over certain attorney-client communications, and the defendants' cross-moved to compel the plaintiffs to provide additional documents and produce an additional witness for deposition (MOT SEQ 015), to be decided separately.

and necessary in the prosecution or defense of an action, regardless of the burden of proof." Nonetheless, the Legislature and the courts have articulated numerous privileges immunizing from disclosure otherwise discoverable communications that constitute evidence admissible in a judicial proceeding or are likely to lead to the discovery of such evidence. These include, *inter alia*, the attorney-client privilege (CPLR 4503) and the attorney work-product privilege (CPLR 3101[c]). See Matter of New York City Asbestos Litigation, 109 AD3d 7 (1st Dept. 2013). There is no dispute that the privilege applies since Goldstein was serving as the plaintiffs' attorney during the subject transaction and the crime-fraud exception was previously asserted by the plaintiff and rejected by the court.

As to MOT SEQ 018, the defendants' subpoena sought to have Capricorn Retail Advisors LLC appear for a deposition and produce documents relating to the leasing or attempts to lease portions of the subject property, purportedly in regard to the plaintiff's claim for damages. As the defendants were always aware that the plaintiffs may seek damages for diminished rental revenue as a result of the alleged breach and fraud, they do not reasonably explain the two-year delay is seeking discovery on that issue, and from a non-party, waiting until just days before all discovery was to be completed. In any event, the plaintiffs argue in opposition that the discovery sought by the defendants is unrelated to its damages claim in that they utilized Capricorn's services only to lease spaces after the existing tenants vacated. Even if the discovery sought is arguably material, the delay in seeking it indicates that it was not necessary to establish any defense. Indeed, it is the plaintiffs' burden at trial to establish that it suffered any damages, not the defendants' burden.

Moreover, the plaintiff correctly argues that this subpoena is overbroad as it lists numerous categories seeking "all" of communications between Capricorn and the defendants as well as other non-parties, and with no temporal limit. A subpoena that demands "any" and "all" documents is overbroad since it may encompass some materials that are be privileged or "clearly irrelevant." Grotallio v Soft Drink Leasing Corp., 97 AD2d at 383 (1st Dept. 1983). Further, where the requests are palpably overbroad, neither the subpoenaed party nor the court is required to prune the requests to "cull the good from the bad." Grotallio v Soft Drink Leasing Corp., supra at 383 [internal citation omitted].

The Court of Appeals in Kapon v Koch, 23 NY3d at 32 (2014), held that a subpoenaing party has the initial burden of demonstrating a need for the disclosure, and must sufficiently

[* 3]

state the "circumstances or reasons" that support disclosure. The discovery sought must be "material and necessary." Id at 36; see CPLR 3101(a). A motion to quash a subpoena will be granted when the futility of uncovering anything legitimate is obvious, or the information sought is, "utterly irrelevant to any proper inquiry." Kapon v Koch, supra at 38 [internal citations omitted]. The burden of establishing the information sought is irrelevant or futile, is on the non-party being subpoenaed. See Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104 (1st Dept. 2006). Further, a subpoena may not be used as a tool of harassment or for a proverbial "fishing expedition to ascertain the existence of evidence." Reuters Ltd. v Dow Jones Telerate, Inc., 231 AD2d 337, 342 (1st Dept. 1997); see Law Firm of Ravi Batra, P.C. v Rabinowich, 77 AD3d 532 (1st Dept. 2010). Moreover, "[w]here disclosure is sought against a nonparty, more stringent requirements are imposed on the party seeking disclosure." Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 108 (1st Dept. 2006); see generally Kapon v Koch, supra.

Applying these guidelines to MOT SEQ 016 and 018, the subpoenaing parties failed to meet their burden in the first instance and the moving parties have met their burden. As stated, the Note of Issue and Certificate of Readiness were filed on December 20, 2024, in compliance with a court-ordered deadline, precluding any further discovery. Nor is the deadline being extended as requested in MOT SEQ 019.

In regard to MOT SEQ 019, it is well settled that in considering a motion seeking to extend the time to file a Note of Issue, the court "may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay [and] whether the moving party was in default before seeking the extension." Grant v City of New York, 17 AD3d 215, 217 (1st Dept. 2005) quoting Tewari v Tsoutsouras, 75 NY2d 1,12 (1989). Considering these factors, the plaintiffs' motion to extend the Note of Issue deadline to allow for further discovery is denied upon the plaintiffs' failure to establish entitlement to that relief. Moreover, the additional discovery now sought by the defendants was precluded once Note of Issue was filed, and post-note discovery in not permitted absent unusual or unanticipated circumstances, not shown here. See 22 NYCRR 202.21(d); Feiner & Lavy, P.C. v Zohar, 210 AD3d 408 (1st Dept. 2022).

The parties' remaining contentions do not require a different outcome.

Accordingly, upon the foregoing papers and this court's prior orders, it is

[* 4]

[* 5]

ORDERED that the defendants' motion to quash a subpoena served on non-party Stuart Goldstein, Esq., on or about November 4, 2024 (MOT SEQ 016) is granted, the subpoena is quashed and that non-party need not respond to the subpoena, and it is further

ORDERED that the plaintiffs' motion to quash a subpoena served on non-party Capricorn Retail Advisors, LLC, on or about December 5, 2024 (MOT SEQ 018) is granted, the subpoena is quashed, and that non-party need not respond to the subpoena, and it is further

ORDERED that the plaintiffs' motion to extend the Note of Issue deadline to allow for further discovery (MOT SEQ 019) is denied in its entirety, and it is further

ORDERED that counsel shall appear for a post-ADR status conference on April 10, 2024, at 11:00 a.m. as previously scheduled.

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

**1/28/2025**
**DATE**

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**653842/2022   ARLUS OWNER LLC ET AL vs. 829 MAD. AVE. LLC ET AL**
**Motion No.  016 018 019**

**Page 5 of 5**