██ ONEWEST BANK, FSB, Respondent, v ESTHER COLACE, Appellant, et al., Defendants. [15 NYS3d 109]—

In an action to foreclose a mortgage, the defendant Esther Colace appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered January 18, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike her answer, and denied her cross motion for leave to amend her answer.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the answer of the defendant Esther Colace, and substituting therefor provisions denying those

branches of the plaintiff's motion without prejudice to renewal, and (2) by deleting the provision thereof denying the cross motion of the defendant Esther Colace for leave to amend her answer, and substituting therefor a provision denying that cross motion without prejudice to renewal; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Esther Colace, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff commenced this action against the defendant Esther Colace (hereinafter the defendant) seeking to foreclose the mortgage on the defendant's home in Levittown. As mandated by CPLR 3408 (a), the plaintiff and the defendant subsequently participated in settlement conferences for the statutorily intended purpose of determining whether they could reach "a mutually agreeable resolution to help the defendant avoid losing . . . her home." At the second settlement conference, the defendant's attorney raised the issue of whether the plaintiff was negotiating in good faith as required by CPLR 3408 (f). However, the action was transferred out of the foreclosure settlement conference part without any resolution of that issue. The defendant's attorney claims that she consented to transferring the action out of the foreclosure settlement conference part because she mistakenly believed that the purpose of the transfer was to conduct a hearing to determine whether the plaintiff had negotiated in good faith. It is undisputed that when the defendant's attorney asked the plaintiff's attorney to consent to return the action to the foreclosure settlement conference part one day after the transfer, the plaintiff's attorney refused to so consent. Following the transfer, the plaintiff moved, inter alia, for summary judgment on the complaint and to strike the defendant's answer, and the defendant cross-moved for leave to amend her answer. The Supreme Court granted those branches of the plaintiff's motion, and denied the cross motion.

Under the circumstances of this case, it was premature for the Supreme Court to entertain the plaintiff's motion and the defendant's cross motion. CPLR 3408 requires the parties to a residential foreclosure action to attend settlement conferences at an early stage of the litigation, at which they must "negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible" (CPLR 3408 [f]). During settlement conferences, "[m]otions shall be held in abeyance" (22 NYCRR 202.12-a [c] [7]). Here, the defendant submitted evidence that the plaintiff may have failed to exercise good

faith during the settlement conference phase of this action with respect to her applications seeking a loan modification pursuant to the federal Home Affordable Modification Program (hereinafter HAMP). Specifically, she presented evidence that the plaintiff may have violated HAMP regulations and guidelines, which would constitute a failure to negotiate in good faith as required by CPLR 3408 (f) (*see U.S. Bank N.A. v Smith*, 123 AD3d 914, 917 [2014]). She also presented evidence that the plaintiff engaged in dilatory conduct, such as making piecemeal document requests, providing contradictory information, and repeatedly requesting documents which had already been provided (*see One W. Bank, FSB v Greenhut*, 36 Misc 3d 1205[A], 2012 NY Slip Op 51197[U] [Sup Ct, Westchester County 2012]; *US Bank N.A. v Alejandra Padilla*, 31 Misc 3d 1208[A], 2011 NY Slip Op 50535[U] [Sup Ct, Dutchess County 2011]). Since the defendant's submissions raise a factual issue as to whether the plaintiff failed to negotiate in good faith, thus depriving her of a meaningful opportunity to resolve this action through loan modification or other potential workout options (*see* CPLR 3408 [a]), the Supreme Court should have held a hearing to determine this issue prior to consideration of the plaintiff's motion and the defendant's cross motion.

Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408 (f). In the event that the Supreme Court finds that the plaintiff did not meet its obligation to negotiate in good faith, it shall direct the parties to participate in further settlement conferences for the purposes of "determining whether the parties can reach a mutually agreeable resolution" of this action (CPLR 3408 [a]) prior to considering and thereafter making a new determination, should the parties seek renewal, of those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the defendant's answer, and the defendant's cross motion for leave to amend her answer. In the event that the Supreme Court finds that the plaintiff did meet its obligation to negotiate in good faith, it shall thereafter make a new determination, should the parties seek renewal, of the subject branches of the plaintiff's motion and the defendant's cross motion. Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.