■ LaSalle Bank, N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust 2007-4 Mortgage Loan Asset-Backed Certificates Series 2007-4, Appellant, v Brian Dono, Respondent, et al., Defendants. [24 NYS3d 144]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 12, 2014, which, after settlement conferences pursuant to CPLR 3408, granted the motion of the defendant Brian Dono to impose a sanction upon it for its failure to negotiate in good faith pursuant to CPLR 3408 (f), abated all interest, disbursements, costs, and attorney's fees that had accrued during the period between October 1, 2010, and the date of the order, and permanently barred the plaintiff from collecting any interest, disbursements, costs, or attorney's fees absent further court order.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof permanently barring the plaintiff from collecting any interest, disbursements, costs, or attorney's fees absent further court order; as so modified, the order is affirmed, with costs to the defendant Brian Dono.

The plaintiff (hereinafter the Bank) commenced this action

to foreclose a residential mortgage after the defendant Brian Dono (hereinafter the homeowner) defaulted. The homeowner subsequently submitted an application for a loan modification in October 2010. Over the next 40 months, the Bank made numerous requests for various additional documentation, including requests for documentation that had already been provided, and required the homeowner to complete numerous additional loan modification applications to two different loan servicers. At least 24 separate court appearances were held during this period, and the Bank repeatedly failed to comply with court directives requiring it to turn over certain documentation to the homeowner.

In February 2014, the Bank transmitted a loan modification offer to the homeowner. The homeowner did not accept the offer on the ground that it was unconscionable on its face and failed to comply with certain federal guidelines. The homeowner made a counteroffer, but the Bank refused to consider it, responding that it would not negotiate the terms of the loan modification.

The homeowner thereafter moved to impose a sanction upon the Bank for its failure to negotiate in good faith as required by CPLR 3408 (f). The Supreme Court concluded that the homeowner demonstrated that the Bank failed to negotiate in good faith and imposed a sanction. The court abated all interest, disbursements, costs, and attorney's fees that had accrued during the period between October 1, 2010, and August 12, 2014, the date of the order. The court further directed that the Bank was permanently barred from collecting any interest, disbursements, costs, or attorney's fees in the future absent a further court order. We modify.

Pursuant to CPLR 3408 (f), the parties at a mandatory foreclosure settlement conference are required to negotiate in good faith to reach a mutually agreeable resolution (*see* CPLR 3408 [f]; *U.S. Bank N.A. v Smith*, 123 AD3d 914, 916 [2014]). " 'The purpose of the good faith requirement [in CPLR 3408] is to ensure that both plaintiff and defendant are prepared to participate in a meaningful effort at the settlement conference to reach resolution' " (*US Bank N.A. v Sarmiento*, 121 AD3d 187, 200 [2014], quoting Governor's Program Bill Mem No. 46R, Bill Jacket, L 2009, ch 507 at 11). To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408 (f), a court must determine that "the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (*US Bank N.A. v Sarmiento*, 121 AD3d at 203; *see U.S. Bank N.A. v Smith*, 123 AD3d at 916).

Here, contrary to the Bank's contention, the totality of the circumstances support the Supreme Court's conclusion that it failed to negotiate in good faith. The homeowner's submissions demonstrated that the Bank, among other things, engaged in dilatory conduct by "making piecemeal document requests, providing contradictory information, and repeatedly requesting documents which had already been provided" (*Onewest Bank, FSB v Colace*, 130 AD3d 994, 996 [2015]; *see US Bank N.A. v Sarmiento*, 121 AD3d at 204). The Bank failed to offer any evidence in opposition to the homeowner's motion and did not controvert the homeowner's account of the mandatory settlement negotiations. Accordingly, under the circumstances, the Supreme Court properly concluded that the Bank violated CPLR 3408 (f) by failing to negotiate in good faith (*see U.S. Bank N.A. v Smith*, 123 AD3d at 916; *US Bank N.A. v Williams*, 121 AD3d 1098, 1102 [2014]; *US Bank N.A. v Sarmiento*, 121 AD3d at 204-205; *see also Onewest Bank, FSB v Colace*, 130 AD3d 994, 996 [2015]).

The Bank further contends that the Supreme Court erred in imposing the sanction. "Courts are authorized to impose sanctions for violations of CPLR 3408 (f)" (*U.S. Bank N.A. v Smith*, 123 AD3d at 917; *see Bank of Am., N.A. v Lucido*, 114 AD3d 714, 715 [2014]). However, "CPLR 3408 (f) does not set forth any specific remedy for a party's failure to negotiate in good faith" (*Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 19 [2013]). "In the absence of specific guidance . . . as to the appropriate sanctions or remedies to be employed where a party is found to have violated its obligation to negotiate in good faith pursuant to CPLR 3408 (f), the courts have resorted to a variety of alternatives in an effort to enforce the statutory mandate to negotiate in good faith" (*Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 20 [2013]; *see U.S. Bank N.A. v Smith*, 123 AD3d at 917).

Here, the Supreme Court providently exercised its discretion in imposing a sanction that abated all interest, disbursements, costs, and attorney's fees that had accrued during the period between October 1, 2010, and August 12, 2014, the date of the order, since that period corresponds to the period during which the Supreme Court concluded that the Bank had failed to negotiate in good faith (*see U.S. Bank N.A. v Smith*, 123 AD3d at 917; *US Bank N.A. v Williams*, 121 AD3d at 1102). However, the Supreme Court improvidently exercised its discretion to the extent that it imposed a sanction permanently barring the Bank from collecting any interest, disbursements, costs, or attorney's fees in the future absent further court order (*see US*

*Bank N.A. v Williams*, 121 AD3d at 1102-1103). Accordingly, we modify the order appealed from by deleting the provision permanently barring the Bank from collecting any interest, disbursements, costs, or attorney's fees in the future absent further court order. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.