■ AURORA LOAN SERVICES, LLC, Appellant, v AMADOU DI-AKITE, Respondent, et al., Defendants. [48 NYS3d 490]—

In an action to foreclose a mortgage, the plaintiff appeals, by permission, from an order of the Supreme Court, Kings County (Edwards, J.), dated December 19, 2014, which, after a hearing, found that it failed to negotiate in good faith during settlement conferences conducted pursuant to CPLR 3408, and, in effect, tolled the interest, costs, and attorneys' fees on the subject loan from March 1, 2010, to October 27, 2014.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose a residential mortgage after the defendant Amadou Diakite allegedly defaulted on the loan payments. Diakite subsequently submitted an application for a loan modification and completed a trial modification under the federal Home Affordable Modification Program (hereinafter HAMP), making three requisite payments thereunder to the plaintiff on December 1, 2009, January 1, 2010, and February 1, 2010. Although the plaintiff accepted those payments, a loan modification was not offered to Diakite. Diakite made additional monthly payments, which were rejected and returned to him. According to the report of the Court Attorney Referee (hereinafter the Referee), at a conference held pursuant to CPLR 3408 on April 27, 2010, the plaintiff claimed that it had sent a modification contract to Diakite, but Diakite failed to sign and return it. Despite that claim, the plaintiff did not produce the purported contract or offer proof that the contract had been sent to Diakite. Over the next three years, the plaintiff made numerous requests for various additional documentation, including requests for documents that had already been provided, and required Diakite to complete numerous additional loan modification applications to two different loan servicers. Approximately 25 conferences were held before the Referee during this period. The plaintiff repeatedly failed to comply with the Referee's directives to appear by counsel with knowledge of the loan modification and to produce the documents required by CPLR 3408 (e), as well as the modification contract that purportedly was offered to Diakite

in early 2010. During this time, the plaintiff issued letters to Diakite that, without acknowledging the ongoing settlement conferences, thanked him for inquiring about HAMP, but informed him that he did not qualify for the program because, among other reasons, he failed to provide the requested documents.

In April 2013, the Referee issued a report finding that the plaintiff had failed to negotiate a loan modification in good faith and had not complied with HAMP guidelines. Thus, the Referee recommended that the Supreme Court conduct a hearing to determine whether sanctions should be imposed against the plaintiff. The court held several additional settlement conferences from June 2013 to August 2014, but the plaintiff again delayed the modification process by requesting additional documents after having previously indicated that the fully submitted HAMP application was under review. The plaintiff ultimately denied Diakite's application, and on October 27, 2014, the court conducted a hearing to determine whether the plaintiff had negotiated the loan modification in good faith. At the conclusion of the hearing, the court concluded that the plaintiff failed to negotiate in good faith and imposed a sanction. The court, in effect, tolled all interest, costs, and attorneys' fees that had accrued during the period between March 1, 2010, and October 27, 2014.

Pursuant to CPLR 3408 (f), the parties at a mandatory foreclosure settlement conference are required to negotiate in good faith to reach a mutually agreeable resolution (*see Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 11 [2013]). "The purpose of the good faith requirement . . . is to ensure that both plaintiff and defendant are prepared to participate in a meaningful effort at the settlement conference to reach resolution" (*US Bank N.A. v Sarmiento*, 121 AD3d 187, 200 [2014] [internal quotation marks omitted]). Compliance with the good faith requirement is measured by the totality of the circumstances and whether the party's conduct demonstrates a meaningful effort at reaching a resolution (*see id.* at 203; CPLR 3408 [f]).

Here, the totality of the circumstances supports the finding that the plaintiff failed to negotiate in good faith. The hearing evidence demonstrated that the plaintiff, among other things, engaged in dilatory conduct by making piecemeal document requests, providing contradictory information, and repeatedly requesting documents that had already been provided (*see LaSalle Bank, N.A. v Dono*, 135 AD3d 827, 829 [2016]; *Onewest Bank, FSB v Colace*, 130 AD3d 994, 996 [2015]; *US Bank N.A.*

*v Sarmiento*, 121 AD3d at 204). The plaintiff, which failed to comply with the Court Attorney Referee's directives to produce the documents required under CPLR 3408 (e), also failed to produce any evidence relating to the four years of loan modification negotiations, including the modification contract purportedly sent to Diakite in March 2010. Accordingly, under the circumstances, the Supreme Court properly concluded that the plaintiff violated CPLR 3408 (f) by failing to negotiate in good faith (*see Onewest Bank, FSB v Colace*, 130 AD3d at 996; *U.S. Bank N.A. v Smith*, 123 AD3d 914, 917 [2014]).

Contrary to the plaintiff's contention, the sanction imposed in this case, which tolled interest, costs, and attorneys' fees accrued during the period the plaintiff failed to negotiate in good faith, was a provident exercise of the Supreme Court's discretion (*see LaSalle Bank, N.A. v Dono*, 135 AD3d at 829; *U.S. Bank N.A. v Smith*, 123 AD3d at 917). Although not applicable to this case, we note that CPLR 3408 has been recently amended, and now expressly provides that upon a finding by the court that the plaintiff failed to negotiate in good faith, "the court shall, at minimum, toll the accumulation and collection of interest, costs, and fees during any undue delay caused by the plaintiff" (CPLR 3408 [j]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.