■ Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT1, Asset-Backed Certificates, Series 2005-OPT1, Appellant, v Paraskevi Varelis, Also Known as Paraskevi A. Varelis, Respondent, et al., Defendants. [54 NYS3d 703]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated October 29, 2014, which granted the motion of the defendant Paraskevi Varelis, also known as Paraskevi A. Varelis, pursuant to CPLR 3408 (f) to impose a sanction upon it for its failure to negotiate in good faith.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing and a new determination of the motion to impose a sanction upon the plaintiff thereafter.

The plaintiff commenced this action against, among others, the defendant Paraskevi Varelis, also known as Paraskevi A. Varelis (hereinafter the defendant), seeking to foreclose a mortgage on the defendant's home in Brooklyn. As mandated by CPLR 3408 (a), the plaintiff and the defendant participated in settlement conferences for the statutorily intended purpose of determining whether they could reach a "mutually agreeable

resolution" (CPLR 3408 [f]). After the parties failed to reach a resolution, the defendant moved, pursuant to CPLR 3408 (f), for an order imposing a sanction upon the plaintiff for failing to negotiate in good faith. The plaintiff opposed the motion. Without holding an evidentiary hearing, the Supreme Court granted the defendant's motion and imposed a sanction upon the plaintiff. The plaintiff appeals.

Here, the defendant sufficiently alleged that the totality of the circumstances demonstrated that the plaintiff failed to make a meaningful effort at reaching a resolution (*see CitiMortgage, Inc. v Pugliese*, 143 AD3d 659, 662 [2016]; *LaSalle Bank, N.A. v Dono*, 135 AD3d 827, 829 [2016]; *US Bank N.A. v Sarmiento*, 121 AD3d 187, 203 [2014]). The defendant submitted evidence that demonstrated that the plaintiff, among other things, engaged in dilatory conduct by making piecemeal document requests, providing contradictory information, and repeatedly requesting documents which had already been provided (*see Aurora Loan Servs., LLC v Diakite*, 148 AD3d 662 [2017]; *LaSalle Bank, N.A. v Dono*, 135 AD3d at 828; *Onewest Bank, FSB v Colace*, 130 AD3d 994, 996 [2015]). In opposition, the plaintiff submitted evidence which controverted the defendant's account of the settlement negotiations. Therefore, the Supreme Court should have held a hearing to determine the issue (*see Onewest Bank, FSB v Colace*, 130 AD3d at 996; *cf. LaSalle Bank, N.A. v Dono*, 135 AD3d at 829). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and a new determination of the defendant's motion thereafter. Rivera, J.P., Austin, Miller and Barros, JJ., concur.