Citimortgage, Inc. v Nimkoff (2018 NY Slip Op 01900)





Citimortgage, Inc. v Nimkoff


2018 NY Slip Op 01900


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-00111
 (Index No. 8816/12)

[*1]Citimortgage, Inc., respondent, 
v
Ronald A. Nimkoff, appellant, et al., defendants.


Ronald A. Nimkoff, Syosset, NY, appellant pro se.
Akerman, LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated October 22, 2015. The order, insofar as appealed from, denied that branch of the cross motion of the defendant Ronald A. Nimkoff which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the defendant Ronald A. Nimkoff which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) is granted, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination on that issue.
The plaintiff commenced this action against, among others, the defendant Ronald A. Nimkoff, seeking to foreclose a mortgage on Nimkoff's home in Syosset. As mandated by CPLR 3408(a), the plaintiff and Nimkoff participated in settlement conferences for the statutorily intended purpose of determining whether they could reach a "mutually agreeable resolution" (CPLR 3408[f]). After the parties failed to reach a resolution, the plaintiff moved, inter alia, for summary judgment on the complaint and an order of reference. Nimkoff cross-moved for summary judgment dismissing the complaint insofar as asserted against him or, in the alternative, a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f). In the order appealed from, the Supreme Court denied the motion and the cross motion with leave to renew on the issue of summary judgment upon the completion of discovery. The court also denied that branch of Nimkoff's cross motion which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f). Nimkoff appeals from so much of the order as denied that branch of his cross motion which was for a hearing. We reverse the order insofar as appealed from.
Pursuant to CPLR 3408(f), the parties at a mandatory foreclosure settlement conference are required to negotiate in good faith to reach a mutually agreeable resolution (see CPLR 3408[f]; US Bank N.A. v Sarmiento, 121 AD3d 187, 200; Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9). The purpose of the good-faith requirement in CPLR 3408 is to ensure that both the plaintiff and the defendant are prepared to participate in a meaningful effort at the settlement conference to reach a resolution (see US Bank N.A. v Sarmiento, 121 AD3d at 200). To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408(f), a court must determine that "the totality of the circumstances demonstrates that the party's conduct did not constitute a [*2]meaningful effort at reaching a resolution" (US Bank N.A. v Sarmiento, 121 AD3d at 203; see Aurora Loan Servs., LLC v Diakite, 148 AD3d 662, 663; LaSalle Bank, N.A. v Dono, 135 AD3d 827, 828; U.S. Bank N.A. v Smith, 123 AD3d 914, 916).
In support of his cross motion, Nimkoff submitted, among other things, his own affidavit in which he averred that the plaintiff refused to negotiate with him for the stated reason that another entity, Hudson City Savings Bank (hereinafter Hudson City), was the holder of the mortgage and did not allow loan modifications. In opposition, the plaintiff contended that its counsel properly appeared at the two foreclosure settlement conferences and advised the court that Hudson City does not participate in the home affordable modification program. The plaintiff submitted, among other things, the master mortgage loan purchase and servicing agreement (hereinafter PSA) between the plaintiff and Hudson City to establish that the plaintiff was the servicer of the subject mortgage and Hudson City was the purchaser. However, the PSA also authorized the plaintiff to modify the terms of the subject mortgage loan with Hudson City's consent. In any event, the statute requires the parties to negotiate in good faith to reach a mutually agreeable resolution. There is no evidence in the record that the plaintiff attempted to gain Hudson City's consent to offer a loan modification or offered Nimkoff another nonretention solution, such as a deed in lieu of foreclosure. In fact, there is no evidence in the record that any effort was made to reach a resolution at the two foreclosure settlement conferences. Under the totality of the circumstances of this case, Nimkoff raised a factual issue as to whether the plaintiff met its obligation to negotiate in good faith (see Onewest Bank, FSB v Colace, 130 AD3d 994, 996; U.S. Bank N.A. v Smith, 123 AD3d at 916-917).
Accordingly, the Supreme Court should have granted that branch of Nimkoff's cross motion which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f), and we remit the matter to the Supreme Court, Nassau County, for a hearing and determination on that issue.
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court