U.S. Bank N.A. v Fisher (2019 NY Slip Op 01444)





U.S. Bank N.A. v Fisher


2019 NY Slip Op 01444


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-04121
2016-04122
 (Index No. 650/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Robert I. Fisher, etc., appellant, et al., defendants.


Berger, Fischoff & Shumer, LLP, Syosett, NY (Gabrielle D. Wasenius of counsel),
for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Jessica J. Yoo and Geraldine Cheverko of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert I. Fisher appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 18, 2015, and (2) an order of the same court entered November 19, 2015. The order entered November 18, 2015, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Robert I. Fisher and for an order of reference, and denied the cross motion of that defendant, inter alia, to impose a sanction upon the plaintiff for failing to negotiate in good faith as required by CPLR 3408(f). The order entered November 19, 2015, insofar as appealed from, granted and denied the same relief as the order entered November 18, 2015, and appointed a referee to compute the amount due on the mortgage loan.
ORDERED that the appeal from the order entered November 18, 2015, is dismissed, as that order was superseded by the order entered November 19, 2015; and it is further,
ORDERED that the order entered November 19, 2015, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Robert I. Fisher and for an order of reference are denied, that defendant's cross motion is granted to the extent that the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and the order entered November 18, 2015, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Robert I. Fisher.
The plaintiff commenced this action against, among others, the defendant Robert I. Fisher and his now-deceased wife, seeking to foreclose the mortgage on their home in Locust Valley. Fisher joined issue by verified answer, in which he raised affirmative defenses, including lack of standing and, in effect, failure to comply with statutory notice requirements. The plaintiff and Fisher subsequently participated in statutorily mandated settlement conferences, meeting 11 times over the course of approximately 19 months, until the final conference, at which the plaintiff reported that [*2]the application for a loan modification had been denied due to "lack of affordability."
The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. Fisher opposed the motion and cross-moved, inter alia, to impose a sanction upon the plaintiff for failing to negotiate in good faith as required by CPLR 3408(f). The Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of Fisher's cross motion. Fisher appeals.
We agree with the Supreme Court's determination that the plaintiff established its standing to commence this action. Where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was the holder or assignee of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 644; U.S. Bank, N.A. v Collymore, 68 AD3d at 753).
Here, a copy of the underlying note, which was endorsed in blank, was annexed to the complaint. Thus, the plaintiff established, prima facie, that it had standing to commence the action by demonstrating that it had physical possession of the note when it commenced the action (see Wells Fargo Bank N.A. v Frankson, 157 AD3d 844, 845; Bank of N.Y. Mellon v Burke, 155 AD3d 932, 933; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Contrary to Fisher's contention, there is no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2]; Wells Fargo Bank, N.A. v Thomas, 150 AD3d at 1313; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645). "Further, where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date'" (Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863, quoting JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824; Wells Fargo Bank, N.A. v Thomas, 150 AD3d at 1313). In opposition, Fisher failed to raise a triable issue of fact as to whether the plaintiff had standing (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900).
RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice (see RPAPL 1304[1]), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 891-892; Citibank, N.A. v Wood, 150 AD3d 813, 814; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860).
Here, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304 (see Wells Fargo Bank, N.A v Trupia, 150 AD3d 1049, 1050; Citibank, N.A. v Wood, 150 AD3d at 814). The plaintiff submitted the affidavit of Sherry Benight, an officer of the plaintiff's loan servicer, Select Portfolio Servicing, Inc. (hereinafter SPS), stating that her review of records maintained by SPS revealed that a "[ninety-day pre-foreclosure notice] dated September 13, 2012, . . . was sent to Borrower(s) by certified and first class mail." A copy of the notice to Fisher was annexed to Benight's affidavit, which contained a bar code with a 20-digit number below it, but [*3]no language indicating that a mailing was done by first-class or certified mail, or even that a mailing was done by the U.S. Postal Service (see Bank of N.Y. Mellon v Zavolunov, 157 AD3d 754, 756; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d at 892; Wells Fargo Bank, N.A v Trupia, 150 AD3d at 1050). Further, Benight did not make the requisite showing that she was familiar with the plaintiff's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Bank of N.Y. Mellon v Zavolunov, 157 AD3d at 757; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d at 892; Wells Fargo Bank, N.A v Trupia, 150 AD3d at 1050; Citibank, N.A. v Wood, 150 AD3d at 814; CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901). Since the plaintiff failed to establish, prima facie, that it strictly complied with the requirements of RPAPL 1304, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against Fisher and for an order of reference, regardless of the sufficiency of the opposing papers (see Bank of N.Y. Mellon v Zavolunov, 157 AD3d at 754; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d at 892; Wells Fargo Bank, N.A v Trupia, 150 AD3d at 1051; Citibank, N.A. v Wood, 150 AD3d at 814).
In addition, the Supreme Court should not have denied Fisher's cross motion without first conducting a hearing on the issue of whether the plaintiff negotiated in good faith as required by CPLR 3408(f). CPLR 3408(f) requires the parties to a residential foreclosure action to attend settlement conferences at an early stage of the litigation, at which they must "negotiate in good faith to reach a mutually agreeable resolution." In support of his cross motion, Fisher submitted evidence that the plaintiff "engaged in dilatory conduct by making piecemeal document requests, providing contradictory information, and repeatedly requesting documents which had already been provided" (Deutsche Bank Natl. Trust Co. v Varelis, 151 AD3d 934, 935; see Aurora Loan Servs., LLC v Diakite, 148 AD3d 662, 663; LaSalle Bank, N.A. v Dono, 135 AD3d 827, 829; Onewest Bank, FSB v Colace, 130 AD3d 994, 996). Since Fisher's submissions raise a factual issue as to whether the plaintiff negotiated in good faith and deprived him of a meaningful opportunity to resolve the action through loan modification or other potential workout options (see CPLR 3408[f]), the court should have held a hearing to determine this issue before deciding the plaintiff's motion (see Onewest Bank, FSB v Colace, 130 AD3d at 996). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) and, if it did not, to impose an appropriate remedy (see CPLR 3408[j]).
Fisher's contention that the Supreme Court erred in granting judgment against his deceased wife is not properly before this Court (see Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712, 713).
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court