Citimortgage, Inc. v Nimkoff (2020 NY Slip Op 07159)





Citimortgage, Inc. v Nimkoff


2020 NY Slip Op 07159


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-09033
2018-09037
 (Index No. 8816/12)

[*1]Citimortgage, Inc., respondent, 
v
Ronald A. Nimkoff, appellant, et al, defendants.


Ronald A. Nimkoff, Syosset, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ronald A. Nimkoff appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered April 12, 2018. The first order, insofar as appealed from, granted that branch of the plaintiff's renewed motion which was for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, and denied that defendant's separate motion, upon the discharge of his counsel, to adjourn the plaintiff's renewed motion and that defendant's cross motion for summary judgment. The second order, insofar as appealed from, again granted that branch of the plaintiff's renewed motion which was for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, and denied that defendant's separate motion, upon the discharge of his counsel, to adjourn the plaintiff's renewed motion and that defendant's cross motion for summary judgment, and referred the matter to a referee to compute the amount due and owing to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action against the defendant Ronald A. Nimkoff (hereinafter the defendant) and others seeking to foreclose a mortgage on certain real property. The defendant joined issue by verified answer in which he raised affirmative defenses including failure to comply with the notice requirements of RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant cross-moved, inter alia, for a "bad faith" hearing pursuant to CPLR 3408. By order dated October 22, 2015, the Supreme Court denied the plaintiff's motion with leave to renew upon the completion of discovery and denied the defendant's cross motion. The defendant appealed from so much of that order as denied that branch of his motion which was for a "bad faith" hearing. On appeal, this Court, in a decision and order dated March 21, 2018, reversed that order insofar as appealed from, granted that branch of the defendant's cross motion which was for a "bad faith" hearing, and remitted the matter to the Supreme Court for a hearing and determination as to whether the plaintiff met its obligation [*2]to negotiate in good faith pursuant to CPLR 3408(f) (see Citimortgage, Inc. v Nimkoff, 159 AD3d 869).
Meanwhile, the plaintiff renewed its motion, inter alia, for summary judgment on the complaint and for an order of reference. The defendant opposed the renewed motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, or, in the alternative, to compel discovery. The defendant also separately moved pursuant to CPLR 321(c) to relieve his counsel and to adjourn the plaintiff's renewed motion and his cross motion so that his substitute counsel would have time to become familiar with the case. The defendant further asked the Supreme Court to direct counsel to deliver the defendant's case file to the defendant.
In the first order appealed from, the Supreme Court granted the plaintiff's renewed motion for summary judgment and for an order of reference, and denied the defendant's cross motion, inter alia, for summary judgment dismissing the complaint and his separate motion to adjourn the renewed motion and cross motion. The court also found that the defendant did not make a showing that he terminated his counsel "for cause," and therefore counsel possessed a statutory charging lien as well as a common-law retaining lien on the defendant's case file. The second order appealed from disposed of the parties' respective motions in the same manner and additionally appointed a referee to compute the amount due and owing to the plaintiff. The defendant appeals.
We agree with the Supreme Court's determination granting that branch of the plaintiff's renewed motion which was for summary judgment on the complaint insofar as asserted against the defendant. Contrary to the defendant's contentions, the plaintiff established, prima facie, that it strictly complied with the notice requirements of RPAPL 1303 and 1304 (see U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1137; CitiMortgage, Inc. v Goldberg, 179 AD3d 1006, 1008-1009), and the defendant failed to raise a triable issue of fact in opposition. Moreover, the defendant did not provide an evidentiary basis to suggest that further discovery might lead to relevant evidence or that the facts essential to justify opposition to the renewed motion were in the exclusive knowledge and control of the plaintiff (see Wells Fargo Bank, N.A. v Sasson, 167 AD3d 818, 819).
Additionally, contrary to the defendant's contention, under the circumstances of this case, this Court's prior decision and order remitting the matter to the Supreme Court for a "bad faith" hearing pursuant to CPLR 3408(f), a directive with which the Supreme Court apparently has yet to comply, did not reopen the settlement conference process such that all motions were automatically held in abeyance under CPLR 3408(n) (cf. Onewest Bank, FSB v Colace, 130 AD3d 994). Rather, following the hearing, if there is a finding that the plaintiff failed to negotiate in good faith, the defendant will be entitled to the imposition of appropriate sanctions against the plaintiff (see U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1092; Aurora Loan Servs., LLC v Diakite, 148 AD3d 662, 664; LaSalle Bank, N.A. v Dono, 135 AD3d 827, 829; see also US Bank N.A. v Sarmiento, 121 AD3d 187, 207; IndyMac Bank, F.S.B. v Yano-Horoski, 78 AD3d 895).
We also agree with the Supreme Court's determination denying the defendant's cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, as he did not establish his prima facie entitlement to that relief (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 870-871). Similarly, we agree with the court's denial of the defendant's separate motion for an adjournment. The defendant's contention that he was entitled to an adjournment pursuant to CPLR 321(c) is without merit, since the record established that he voluntarily discharged his attorney (see Matter of Cassini, 182 AD3d 13, 49; Matter of Wiley v Musabyemariya, 118 AD3d 898, 900). Furthermore, having found that the defendant did not terminate his former counsel "for cause," the court also properly determined that former counsel possessed a statutory charging lien and a common-law retaining lien on the defendant's case file (see Bing Hui Chen v Speedway Plumbing Corp., 138 AD3d 660, 660).
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court