Investors Bank v Brooks (2022 NY Slip Op 07224)

Investors Bank v Brooks

2022 NY Slip Op 07224

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-13855
 (Index No. 2813/17)

[*1]Investors Bank, respondent, 
v
Michael Brooks, also known as Michael Ossam, et al., appellants, et al., defendants.

Charles Wallshein, Melville, NY, for appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Akerman LLP, New York, NY [Jordan M. Smith and Stefan M. Canizares], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael Brooks, also known as Michael Ossam, and Juliet Brooks, also known as Juliet Ossam, appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 31, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference, and denied those defendants' cross motion for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of the defendants Michael Brooks, also known as Michael Ossam, and Juliet Brooks, also known as Juliet Ossam, for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f) is granted, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference are denied with leave to renew after a hearing and determination as to whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f), and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
On September 28, 2006, the defendant Michael Brooks, also known as Michael Ossam (hereinafter Michael), obtained a loan in the amount of $661,000 from ABN AMRO Mortgage Group, Inc., and executed a promissory note accordingly. The note was secured by a mortgage on residential property located in Rockville Centre, executed by Michael and the defendant Juliet Brooks, also known as Juliet Ossam (hereinafter together the defendants). Michael defaulted on the loan by failing to make the monthly payment due on July 1, 2016. The mortgage was subsequently assigned to the plaintiff, and the mortgage loan was serviced by CitiMortgage, Inc. (hereinafter Citi).
On August 9, 2016, Citi sent Michael a 90-day pre-foreclosure notice, advising that he was 39 days in default, after which he applied to Citi for a loan modification. By letter dated [*2]August 16, 2016, Citi advised Michael that the application was incomplete and that Citi needed additional documents by October 29, 2016. By letter dated September 19, 2016, Citi indicated that it had finished reviewing Michael's documents, but it needed more documents by October 19, 2016. Citi did not explain why it advanced the deadline by 10 days. From September 28, 2016, to October 24, 2016, Michael and a Citi representative exchanged multiple emails in which they disputed the extent to which Michael had complied with additional document requests. The email exchange ended with Michael's emails sent on October 21, 2016, and October 24, 2016, in which he insisted that he had provided everything that had been asked of him, expressed confusion as to why Citi insisted otherwise, and asked the Citi representative to call him to discuss matters. On October 28, 2016, the Citi representative emailed Michael and informed him that Citi had closed its file on his loan modification application "due to the length of time it has taken to return the requested documents," and that he would have to reapply if he still wished to pursue a loan modification.
The defendants subsequently retained counsel, who submitted a second loan modification application to Citi on their behalf on or about January 12, 2017, and followed with a request for information on March 15, 2017. Citi responded by two separate letters, both dated March 31, 2017, one of which provided some of the requested information but objected to other requests, and the other advised that the application was incomplete and requested additional materials by April 30, 2017. The parties dispute whether the defendants ever provided the additional documents requested by Citi, and the defendants maintain that they had previously transmitted these documents with the application in January 2017. The record does not indicate that Citi ever issued a formal denial of the defendants' second loan modification application.
On June 7, 2017, the plaintiff commenced this action against the defendants and others to foreclose the mortgage. The defendants thereafter interposed an answer. From January 2018 to July 2018, the Supreme Court held four settlement conferences, but the parties did not reach a resolution. Shortly after the first conference, the defendants submitted a third loan modification application to Citi on January 17, 2018. The parties corresponded over the next two months concerning whether the defendants had provided all of the additional materials requested. The last of these exchanges was a March 28, 2018 email from the office of the defendants' counsel requesting clarification regarding the plaintiff's request for 13 additional types of documents.
In a letter dated March 30, 2018, Citi stated that it had reviewed the materials submitted and, as a result, conditionally approved the defendants for a short sale of the property. However, Citi denied the defendants' request for a loan modification under two different loss mitigation programs. The defendants thereafter sent a letter to Citi appealing its denial of their request for a loan modification, but Citi adhered to its prior determination. After the parties were unable to reach a resolution at the final settlement conference on July 17, 2018, the Supreme Court issued an order permitting the plaintiff to proceed with the action.
The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion and cross-moved for a hearing to determine whether sanctions should be imposed upon the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f). In an order entered July 31, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
The Supreme Court should have granted the defendants' cross motion for a hearing to determine whether the plaintiff negotiated in good faith pursuant to CPLR 3408(f). CPLR 3408 requires the parties in a residential foreclosure action to attend settlement conferences at an early stage of the litigation, at which they must "negotiate in good faith to reach a mutually agreeable resolution" (id. § 3408[f]). Contrary to the plaintiff's contention, the circumstances surrounding its servicer's handling of the first two loan modification applications are "relevant in the overall context of the parties' relationship and the negotiations between them," and thus, are relevant to the good faith inquiry (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 17). In support of their cross motion, the defendants submitted evidence that the plaintiff "engaged in dilatory conduct by making piecemeal document requests, providing contradictory information, and repeatedly requesting [*3]documents which had already been provided" (Deutsche Bank Natl. Trust Co. v Varelis, 151 AD3d 934, 935; see Aurora Loan Servs., LLC v Diakite, 148 AD3d 662, 663; LaSalle Bank, N.A. v Dono, 135 AD3d 827, 829; Onewest Bank, FSB v Colace, 130 AD3d 994, 996). Since the defendants' submissions raised a factual issue as to whether the plaintiff negotiated in good faith and deprived them of a meaningful opportunity to resolve the action through loan modification or other potential workout options (see CPLR 3408[f]), the court should have held a hearing to determine this issue before deciding those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference (see Onewest Bank, FSB v Colace, 130 AD3d at 996). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408(f) and, if it did not, to impose an appropriate remedy (see id. § 3408[j]).
The defendants' remaining contentions either are improperly raised for the first time on appeal or need not be addressed in light of our determination.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court